UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOWER RIVER MARINE, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO:    06-04083** |
| **USL-497 BARGE, ET AL.** | **SECTION: "T" (4)** |

### ORDER

Before the Court is **Lower River Marine, Inc.'s Motion to Reconsider Its Motion to Quash the Interrogatories of APAC Group, Inc. (R. Doc. 145)**, filed by the Plaintiff, Lower River Marine, Inc. In its motion, the Plaintiff requests that the Court reconsider its denial of the Plaintiff's previous motion to quash. The Defendants did not file an opposition memorandum. The motion was set for hearing on December 12, 2007.

### I.   Background

On or about July 10, 2006, Barge USL-497 allegedly struck the Plaintiff's crane barge and mooring dolphin at the Plaintiff's wharf facility on the east bank of the Mississippi River, near St. Rose, Louisiana. (R. Doc. 1.) At the time, Barge USL-497 was in tow of T/B DEF. (R. Doc. 1) The Plaintiff contends that Barge USL-497 and T/B DEF are owned by two of the Defendants. (R. Doc. 1; R. Doc. 29.) The Plaintiff further asserts that Barge USL-497 had been improperly moored in place by the crew of the T/B LADY MIDGE. (R. Doc. 29.) Thereafter, the Plaintiff moved Barge USL-497 into another location within its fleet and has maintained and monitored the barge. (R. Doc. 11.) This suit arises from damages resulting from the collision and costs of the Plaintiff's subsequent

storage and care of the barge.

APAC Group propounded a set of 45 interrogatories upon the Plaintiff. (R. Doc. 145-5, Ex. A.) Although the exact date that APAC Group propounded the interrogatories is unclear, APAC Group attached a letter dated on August 21, 2007 to the interrogatories. (R. Doc. 145-4, p. 4.) APAC Group numbered its interrogatories 1 through 45, however, many of the interrogatories included multiple subparts. (R. Doc. 145-5, Ex. A.)

The Plaintiff filed a motion to quash APAC Group's interrogatories (R. Doc. 132), asserting various objections and contending that APAC Group's numerous interrogatories exceeded the limit of twenty-five provided for under the Federal Rules of Civil Procedure ("Rules"). However, the Court denied the motion for the Plaintiff's failure to comply with Local Rule 7.4 and 37.1E. (R. Doc. 142.) The Plaintiff had failed to attach (1) a copy of the disputed interrogatories for the Court's consideration and (2) a certificate indicating that the parties had conferred before requesting judicial intervention. In the subject motion, the Plaintiff has corrected the original deficiencies and now seeks to have the Court consider its previous motion on the merits.

## II. Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged that is relevant of the claim or defense of any party." The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Hebert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23

F.3d 1091, 1096 (6th Cir.1994).

Under Rule 33(a), a party may not serve more than twenty-five interrogatories, including discrete subparts, upon another party "[w]ithout leave of court or written stipulation." Rule 33(a) further provides that "[l]eave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2)." *Id*. Similarly, pursuant to the corresponding Local Rule 33.1E, "[a]ny party desiring to serve more than the 25 interrogatories permitted by FRCvP 33a shall file a written motion setting forth the proposed additional interrogatories and the reasons establishing good cause for their use." The numerical limit on interrogatories is intended to protect against potentially excessive use of interrogatories, not to prevent necessary discovery. *Estate of Manship v. United States*, 232 F.R.D. 552, 554 n. 1 (M.D. La. 2005).

### III. Analysis

Based on APAC Group's total of 45 interrogatories, APAC Group propounded 20 interrogatories in excess of the limit of 25 interrogatories. However, in reclassifying and counting the interrogatories and discrete subparts that would constitute individual interrogatories in and of themselves, the Court finds that in actuality, APAC Group propounded a total of 162 interrogatories. The Court specifically determines that APAC Group's twenty-fifth interrogatory is numbered Interrogatory 6(d). However, APAC Group did not request leave of the Court before propounding the excess interrogatories, as required under the Rules. Accordingly, the Court quashes APAC Group's excess interrogatories, which are the interrogatories after Interrogatory 6(d).

The Plaintiff also objects to the interrogatories because they are vague, overboard, burdensome, harassing, irrelevant, not likely to lead to the production of relevant evidence, and excessive in scope. Specifically, the Plaintiff objects to the relevance of Interrogatory 1(c), which

requires "the names and dates of birth of your children, if any; and the name and address of your spouse, if any." (R. Doc. 145-5, Ex. A.)  The Court finds that information regarding the children of the parties involved is irrelevant in the litigation of this matter.  The Court additionally notes that Interrogatory 1(b), which requests "the name, present address, and date of birth of your spouse, if any" is similarly irrelevant.  Other than Interrogatory 1(b) and 1(c), it is unclear to which of the many interrogatories that the Plaintiff is objecting to on the basis of vagueness, overbroadness, and irrelevance.  In sum, the Court concludes that Interrogatory 1(b), Interrogatory 1(c), and all interrogatories beyond Interrogatory 6(d) must be quashed.

### IV.   Conclusion

Accordingly,

**IT IS ORDERED** that **Lower River Marine, Inc.'s Motion to Reconsider Its Motion to Quash the Interrogatories of APAC Group, Inc. (R. Doc. 145)** is **GRANTED**, in that Interrogatory 1(b), Interrogatory 1(c), and all interrogatories in excess of the limit of twenty-five, which are all interrogatories beyond Interrogatory 6(d), are quashed.

New Orleans, Louisiana, this __21st__ day of December 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**