UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LOWER RIVER MARINE, INC.**                                                         **CIVIL ACTION**

**VERSUS**                                                                            **NO. 06-4083**

**BARGE USL-497, her tackle, apparel, furniture, equipment
and other necessaries there until appertaining and belonging,
in rem; ABC COMPANY, INC., her engines, tackle, apparel,
furniture, equipment, and other necessaries there unto appertaining
and belonging, in rem, and GHI COMPANY, INC., her owner,
in personam**                                                                        **SECTION "T" (4)**

## ORDER AND REASONS

Before this Court is Plaintiff's Motion for Summary Judgment and Motion for Rule 41 Dismissal of the Counter-Claim filed by APAC Group, Inc. Rec. Doc. 117. No Opposition to the Motion has been filed. The matter came for hearing without oral argument on November 14, 2007, and was submitted on the briefs. After considering the memoranda and arguments of the parties, the record, the law, and applicable jurisprudence the Court is fully advised in the premises and grants Plaintiff's Motion.

**I.    BACKGROUND**

On or about July 17, 2006, principals of Lower River Marine, Inc. ("LRM") discovered Barge USL-497 at the lower end of the LRM's Mississippi River fleeting facility moored to an LRM crane barge. Upon inspection, LRM noticed that its crane barge and the mooring dolphin adjacent to the crane barge sustained damage as a result of improper towing and/or improper mooring of Barge USL-497. LRM did not know who owned Barge USL-497 nor who towed Barge USL-497 to LRM's facility at the time Barge USL-497 was discovered. Subsequently, LRM discovered that APAC Group, Inc. ("APAC") owned Barge USL-497. LRM also determined that the T/B LADY

1

MIDGE towed Barge USL-497 to the LRM facility. Kirby Inland Marine, L.P. ("Kirby") owned T/B LADY MIDGE and DRD Towing Company, L.L.C. ("DRD") long-time chartered or leased T/B LADY MIDGE. Kirby and DRD are collectively referred to as the "tug interests."

On August 3, 2006, this Court granted LRM's motion for issuance of warrant *in rem* for the arrest of the USL-497 Barge and the seizure warrant was issued the same date. At the time the warrant was issued, LRM was not aware of the owner of the barge or the tug.

Once the tug and barge interests were identified, LRM discussed substituting a custodian for the U.S. Marshal and discussed the tug and barge interests submitting Letters of Undertaking. While tug interests agreed, barge interests did not. As such, LRM came to the Court requesting a substitute custodian be named; that *Custodia Legis* costs and expenses be approved and a security be ordered. The Motion to Substitute Legal Custodian was granted ex parte on August 18, 2006. Rec. Doc. 31. Judge Lemelle ordered that the Motion for Security and Motion to Confirm *Custodia Legis* costs and expenses be set for hearing as a contradictory motion on September 6, 2006. Rec. Doc. 31. Oppositions were due August 31, 2006. Rec. Doc. 31. Oppositions were not filed and the Motion for Security was granted September 8, 2006. Pursuant to the Court's order, the barge interests were directed to provide LRM with an acceptable Letter of Undertaking in the amount of $125,000.00 within thirty (30) days. Rec. Doc. 37. Further, the Motion to Approve *Custodia Legis* costs and expenses was granted. The expenses approved include towage, new mooring lines, wharfage, and costs to arrest and attach Barge USL-497. Rec. Doc. 37. The Court's order further directed that Motions to Reconsider be filed in any within thirty (30) days of the Order and provided that attorneys fees and costs incurred in connection with the motion for reconsideration will be assessed against the party moving for reconsideration, if unsuccessful. Rec. Doc. 37. The record reveals such

a Motion was not filed.

On September 26, 2006, barge interests filed a Motions to Dismiss arguing, in sum, that the Court dismiss the action for lack of subject matter jurisdiction; lack of personal jurisdiction; insufficiency of service of process; failure to state a claim; failure to meet the specificity requirements of Rule E(2)(a) of the Supplemental Admiralty and Maritime Claims Rules; and vacation of the attachment and arrest order and dismissal of the salvage claim. Rec. Doc. 39. On the vacation issue, the barge interests also requested that they be awarded wrongful arrest/attachment damages and punitive damages. The Court, after fully considering and adequately addressing each argument offered by APAC, denied the Motion to Dismiss in its entirety. Rec. Doc. No. 47. Further, the Court denied the barge interests requests for damages for wrongful arrest/attachment damages and punitive damages.

APAC filed a Motion For Rehearing and the Court denied that Motion as untimely, repetitive, harassing and frivolous. Rec. Doc. 53. The Court further ordered Barge USL-497, APAC and their counsel to show cause in writing "why they should not pay Plaintiff's legal expenses and costs of $12,000.00 plus $125,000.00 in cash, surety or letter of indemnity." The Order further provided in bold capital letters that: "FAILURE TO TIMELY COMPLY WITH THIS ORDER MAY LEAD TO SANCTIONS." Rec. Doc. 53 at p. 7. After the barge interests filed their show cause memorandum, Rec. Doc. 61, USL-497 Barge and APAC filed a notice of appeal. Rec. Doc. 62. Once the appeal was filed, but prior to a decision by the Fifth Circuit, LRM filed a Motion for Judicial Sale of the Barge USL-497 and a Motion to Increase Security. Rec. Doc. 65. Further, the Court decided in favor LRM and found that APAC and Barge USL-497 failed to show cause why they should not have to pay legal expenses, costs, and a letter of undertaking. Rec. Doc. 79.

Thus, the Court ordered APAC and Barge USL-497 to pay LRM $12,000.00 for legal expenses[1] and costs and $125,000.00 in cash, surety or letter of indemnity within thirty (30) days after resolution of the "pending appeal." Rec. Doc. 79. The appeal was dismissed for lack of jurisdiction on February 27, 2007. Rec. Doc. 83. The barge interests Motion for Reconsideration to the Fifth Circuit was also denied. Rec. Doc. No. 86. However, neither the security nor the attorneys' fees ordered by the Court have been paid to date.

The Court moved forward with the Motion for Judicial Sale, along with LRM's Motion to Increase Security (Rec. Doc. 65) and Motion for Judicial Review of Notice of Judicial Sale of Vessel (Rec. Doc. 90) and Motion to Dismiss party Without Prejudice (Rec. Doc. 84). The Motions were heard, without opposition, and granted May 25, 2007. Rec. Doc. 98. The Court ordered the security for *Custodia Legis* expenses to be increased from $125,000 to $175,000; ordered Zito Companies, Inc., dismissed without prejudice; and ordered that LRM's Notice for Judicial Sale of Barge USL-497 was sufficient. Rec. Doc. 98. Again, the Court advised that any Motion for Reconsideration was to be filed in thirty (30) days. Rec. Doc. 98. None was filed. Thereafter, the barge sold at auction in July 2007, for approximately $146,000.00 with a net profit of $144,000.00. The Court thereafter confirmed the sale. Rec. Doc. 106. Despite ample and adequate notice as confirmed by this Court, the sale was made without objection. The net sale proceeds were deposited into the registry where they have remained.

On May 7, 2007, prior to this Court's ruling on the Motions discussed above, Barge USL-497 and APAC filed their Answer with Counter-Claims and Cross-Claims. Rec. Doc. 91. The Counter-Claims assert that LRM wrongfully attached and arrested Barge USL-497 entitling the

---

[1] The $12,000 in fees was in the form of a sanction for the barge interests failure to comply with Court orders.

4

barge interests to damages; acted with gross negligence entitling the barge interests to punitive damages; and alleges LRM committed fraud in their representations to the Court making the arrest and seizure invalid entitling the barges interests to damages. Rec. Doc. 91 at pp. 5-8. Barge interests assert they have sustained $1.5 million in damages.

The instant Motion followed requesting that the Court grant summary judgment because as a matter of law, no wrongful arrest cause of action exists as their was a valid lien on the vessel. Rec. Doc. 117 at p. 4. Second, LRM argues that the barge interests are in contempt of court because they have not complied with the Court's order submit $12,000.00 in legal fees to LRM nor have they posted the $175,000 security as ordered. LRM also requests that this Court, under Rule 41, enter a default judgment in its favor finding that the barge interests have defaulted their Counter-Claim against LRM due to the barge interests clear record of "delay and contumacious conduct." Rec. Doc. 117 at p. 9. LRM also asks the Court to award LRM attorney's fees they have incurred from the date the APAC's first Motion to Dismiss was denied, October 24, 2006, to the present date, because the barge interests have prolonged the litigation with frivolous and invalid claims. Rec. Doc. 117 at p. 11. LRM also requests a Default Judgment be rendered in their favor for the claims of negligence, unseaworthiness and salvage costs they have brought against barge interests.

## II.  LAW AND ANALYSIS

The Court first addresses whether LRM is entitled to summary judgment on the Counter-Claim raised by the barge interests for wrongful attachment. Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56. The party moving for summary

Case 2:06-cv-04083-ILRL-KWR   Document 165   Filed 03/28/08   Page 6 of 14

judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.,* 76 F.3d 651, 655-56 (5th Cir. 1996) *citing, Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. *See Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). Rather, the non-movant must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id.* Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. *Martin v. John W. Stone Oil Distrib.*, Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. *Anderson,* 477 U.S. at 255.

    LRM's position is that because they had a valid maritime lien against the vessel for the wharfage fees, use of mooring lines and towing services in the amount of $5820.00; a tort lien for damage to its crane barge and wharf dolphin piling of approximately $75,000.00; and a contested unpaid salvage lien for its successful efforts to move and moor the barge safely in the amount of $10,000.00, then it had a right to arrest and seize the vessel. Rec. Doc. 117 at pp. 4-5. Accordingly, it is LRM's position that summary judgment on the wrongful arrest claim should be dismissed. No opposition has been filed challenging the arguments.

    After reviewing the record, the Court finds that LRM's arguments have merit. 46 U.S.C.A. § 31342 provides:

6

> § 31342. Establishing maritime liens
>
> (a) Except as provided in subsection (b) of this section, a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner--
> (1) has a maritime lien on the vessel;
> (2) may bring a civil action *in rem* to enforce the lien; and
> (3) is not required to allege or prove in the action that credit was given to the vessel.
> (b) This section does not apply to a public vessel.

46 U.S.C.A. § 31342.

Necessaries are defined at 46 U.S.C.A. § 31301 as follows:

> § 31301. Definitions
>
> (4) "necessaries" includes repairs, supplies, towage, and the use of a dry dock or marine railway;

46 U.S.C.A. § 31301 (4).

In accordance with the foregoing, and in light of the undisputed facts, the Court finds that at the time LRM requested attachment and seized the vessel, that it was within its full rights to do so as a valid maritime lien had been placed upon the vessel, the Barge USL-497. Moreover, this Court has previously held that the barge interests were not entitled to damages for wrongful attachment/arrest and punitive damages. *See* Rec. Doc. 47. Accordingly, LRM is entitled to summary judgment on the barge interests Counter-Claim against it for wrongful attachment.

Next, LRM argues that a default judgment should be entered as to the claims it has against the barge interests for its damages and *Custodia Legis* expenses as well as that they should be entitled to attorneys fees and costs of defending this action since the first denial of the barge interests' Motion to Dismiss in October 2006. Rec. Doc. 117. The claims raised against APAC are for unseaworthiness of Barge USL-497, negligence, payment for the salvage claim, and *Custodia*

*Legis* expenses. In sum, LRM urges that the conduct of the barge interests has been so egregious that the Court should grant a default judgment in their favor. Notably, on February 8, 2007, Judge Lemelle ordered that the APAC and Barge USL-497 shall pay the $12,000.00 in legal expenses and costs and the $125,000.00 security or if necessary, FRCP 41 sanctions and other appropriate relief against the non-compliant party for failure to heed these provisions may be imposed, including but limited to default judgment. Rec. Do. 79 at p. 5. To date, the payment has not been made.

>   FRCP Rule 41(b) provides in pertinent part:
>
>>   If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits

Under FRCP 41(b), a court may, either *sua sponte* or upon motion by the Defendant, dismiss an action with prejudice for plaintiff's failure to prosecute, comply with the rules of procedure or obey court orders. Such a dismissal is appropriate where: (1) the failure to prosecute or comply with the rules or orders was the result of purposeful delay or contumacious conduct; and (2) the record reflects that the district court employed lesser sanctions before dismissing the action or the district court expressly determined that lesser sanctions would not prompt diligent prosecution. *See Long v. Simmons*, 77 F.3d 878, 880 (5th Cir.1996); *See also Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir.1992). Prior to dismissing an action under Rule 41(b), courts should also consider the following so-called "aggravating factors:" (1) whether the dilatory conduct is attributable to the Plaintiff himself, as opposed to his attorney; (2) whether the Defendant will suffer actual prejudice; and (3) whether the conduct was intentional. *See Berry*, 975 F.2d at 1191.

Apart from Rule 41(b), federal courts are vested with the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). This authority is necessarily incident to the judicial power granted under Article III of the Constitution and includes the power of the court to control its docket by dismissing a case as a sanction for a party's failure to obey court orders or rules. *See Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir.1995). However, when these inherent powers are invoked, they must be exercised with restraint and discretion. Dismissing a case with prejudice is a harsh sanction, but is upheld unless the district court has abused its discretion. Such sanctions should be confined to instances of "bad faith or willful abuse of the judicial process." *Woodson*, 57 F.3d at 1417.

It is clear that APAC has failed to comply with Orders of this Court. However, the remedy sought by Plaintiff, LRM, is not one which a Plaintiff can bring as Rule 41(b) is, on its face appropriate only as a defendant's remedy. *See Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers* 357 U.S. 197, 207, 78 S.Ct. 1087, 1093 (1958). LRM cites no authority explaining why it may bring a remedy as a Plaintiff which is accorded to a Defendant only, under the Rule's text. Indeed, the cases they cite deal with egregious conduct of the Plaintiff. Accordingly, the Court **denies** LRM's request for Rule 41(b) Judgment on the claims it has raised against the barge interests.

Nevertheless, as to the Counter-Claim asserted by the barge interests against LRM, LRM is the Defendant and therefore, can bring this Rule 41(b) Motion to Dismiss the remaining claims raised against them by the barge interests for fraud and gross negligence. *See* Rec. Doc. 91 at pp. 6,7.

Concerning the first factor, LRM argues that Marcel Denis is APAC's project manager, alleged in-house counsel, and personally made all the decisions for APAC concerning barge purchases, barge transportation and post-causality activities. Rec. Doc. 117 a p. 9.  In support, LRM provides e-mails between counsel for LRM and Denis providing that the Letter of Understanding payments would be made to LRM.  Exhibit "J" attached to Rec. Doc. 117.  Further, LRM filed a Motion to Disqualify Denis as counsel[2] in this matter because he, on behalf of APAC, has refused to comply with orders of the Court to provide the security or cash bond to Plaintiff, compelling the Plaintiff to incur further expenses, such as judicial sale. Rec. Doc. 148.  LRM further asserts that Marcel Denis, "through the artifice of engaging in a 'rubber stamp' local counsel, [] churns out APAC pleadings for free, while plaintiff LRM must engage expensive outside counsel to plead its case."  Rec. Doc. 184 at p. 6.  Further, LRM allege that its legal fees now exceed $90,000.00, a number greater than the original claimed amount of damages in this case.  Rec. Doc. 148 at p. 6.  Based upon all these allegations, which are not opposed or disputed, LRM argues it is APAC and Denis and not the counsel for APAC making the decisions.

As to the actual prejudice factor, LRM argues that as a result of APAC's improper activity in filing frivolous Motions and a frivolous appeal, its failure to pay pre-arrest uncontested liens and costs, they have incurred at lease $95, 089.73 since July 31, 2007, in a case where LRM's original damage estimate amounted to approximately $75,000.00.  Further, LRM argues that the Counter-Claim is baseless and the claims easily avoided if they had timely posted the security with the Court such that arrest and seizure would not be needed. Rec. Doc. 117.  Finally, the recent turn of APAC's pleadings has turned to an attack on both counsel and the Court alleging that the Court is one the

---

[2]The Court denied the Motion because Denis was not enrolled as counsel.

"Plaintiffs' payroll"; Rec. Doc. 61 at p. 5; alleges the Court has provided "legal services to Plaintiff"; Rec. Doc. 61 at p. 5; and allege that the Court is "an accomplice to the desperado who has thus far been able to secure ex parte orders on a spurious complaint and winning legal arguments based on poor and erroneous case law reading and analysis"; Rec. Doc. 61 at p. 6. Thus, if a strong sanction is not implemented, LRM fears that APAC will continue its conduct and force LRM to continue to expend legal fees when APAC just fails to follow Court orders.

There have been no allegations or facts presented demonstrating that the failure to comply with the court's orders or the failure to oppose Motions set well in advance was intentional. Accordingly, this factor weighs against dismissal of the remaining Counter-Claims.

Regarding the failure to follow Court orders and the frivolity of the pleadings, APAC has consistently displayed egregious behavior towards LRM and this Court. Judge Lemelle awarded attorney's fees and costs previously when he held APAC's Motion for Rehearing to be "untimely, repetitive, harassing and frivolous." Rec. Doc. No. 53. Judge Lemelle did so after APAC had untimely reasserted the exact same claims in its Motion for Rehearing as it had in its Motion to Dismiss. Judge Lemelle granted APAC thirty (30) days to "show good cause" why it should not have to pay LRM's attorney's fees and costs. Rec. Doc. 53. APAC responded and it is in that Memorandum that APAC accused this Court of being on the "Plaintiff's payroll."

On February 8, 2007, Judge Lemelle, finding that APAC had failed to show good cause why it should not be liable for LRM's attorney's fees and costs, ordered APAC to pay LRM $12,000.00 for legal expenses and costs and $125,000.00 in cash, surety or letter of indemnity within thirty (30) days after resolution of the pending appeal. Judge Lemelle, warned APAC that "[i]f necessary, FRCP 41 sanctions and other appropriate relief against non-compliant party for failure to heed these

provisions may be imposed, including but not limited default judgment." APAC failed to comply with the Order within the thirty (30) day period after the Fifth Circuit denied its Motion for Reconsideration. To date, APAC has refused payment. Additionally, APAC continuously failed to file Oppositions to Motions filed by the Plaintiffs. See Rec. Doc. 31 (noting no valid Opposition filed to the Motion because "barge counsel, Mr. Armand, refuses to consent to a substitute custodian. He says he does not care it plaintiff LRM has to pay $500.00 a day indefinitely to maintain the seizure"; and Rec. Doc. 98 pointing out that three (3) Motions are deemed unopposed). Further, in those instances when APAC did file Oppositions, the Court determined that they reargued old arguments and claims. *See* Opinions of Judge Lemelle at Rec. Doc. 53,79. Additionally, despite that Judge Lemelle found that wrongful arrest damages were not allowed, APAC then filed its Counter-Claim for wrongful attachment and arrest. Also, despite that a scheduling order is in place, the record reveals that barge interests has failed to file a witness and/or an exhibit list as provided for in the scheduling order. Finally, the Court points out that the instant Motion is unopposed as is the currently pending Motion to Strike.

In *Dorsey v. Scott Wetzel Services, Inc*. 84 F.3d 170, 171 -172 (5th Cir. 1996), the U.S. Fifth Circuit upheld a decision to dismiss an action with prejudice when the following "contumacious conduct" was found: failure to timely file a joint pretrial order; failure to appear for the first duly scheduled trial docket call; appearance but was not ready to go to trial at the re-set trial docket call; and tardily designated an expert, just one day before the second trial docket call was set. The Court found that Plaintiff had to know that if the court granted his request to tardily designate an expert witness then the trial would again be delayed. The trial court's granted Plaintiff's late designation again delaying trial and then the Plaintiff failed to appear for trial on the date reset resulting in

dismissal of the action. *Dorsey,* 84 F.3d at171 -172. Rather than personally contacting the court, Plaintiff deemed it adequate to instruct a secretary to phone an unidentified court employee to relay the message that counsel was sick and would not be appearing.

The court, considering the history of the case, the fact that the case had been called to trial with no appearance by Plaintiff's or his counsel, the fact that no motion for continuance had been filed, the fact that the case manager could confirm Plaintiff's counsel's personal knowledge of the trial, and the fact that this was the third time the trial had been rescheduled in an effort to accommodate Plaintiff, all indicate that there were no lesser sanctions available to the trial court that would have served the best interests of justice. Consequently, the Fifth Circuit found that the district court did not abuse its discretion when it dismissed Dorsey's action with prejudice. *Dorsey,* 84 F.3d at171 -172.

The aforementioned described actions are akin to the conduct in Dorsey and demonstrate a clear record of delay and egregious behavior on the part of APAC in failing to abide by Court orders and re-filing and re-urging arguments that the Court has already decided upon. This conduct has already been determined once by Judge Lemelle to warrant a sanction. Because the course of conduct has continued, the Court finds that a lesser sanction than dismissal of APAC's remaining Counter-Claims against LRM would not prompt diligent prosecution of this action.

The Court declines to award attorneys fees and costs incurred by LRM since the date of decision on the first Motion to Dismiss because dismissal with prejudice of the Coutner-Claims should be a more than adequate remedy. However, the Court does grant LRM the costs, including attorney's fees, associated with bringing the instant Motion.

Accordingly and for the foregoing reasons,

**IT IS ORDERED** that LRM's Motion for Summary Judgment requesting Dismissal of the APAC's Counter-Claim against it, Rec. Doc. 117, is **GRANTED** and the Wrongful Arrest/Attachment claim is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that LRM's Motion for FRCP 41(b) dismissal with prejudice of all Claims raised by it against APAC, Inc., is **DENIED.**

**IT IS FURTHER ORDERED** that LRM's Motion for FRCP 41(b) dismissal with prejudice of the remaining Counter-Claims brought against them by APAC, Inc., is **GRANTED** and the Fraud and Gross Negligence claims are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the LRM's costs, including attorney's fees, associated with bringing this Motion shall be taxed to APAC, Inc.  LRM shall provide the court with this figure within fifteen (15) days of the date this Order is signed.

New Orleans, Louisiana this 27th day of March, 2008.

_____
**UNITED STATES DISTRICT JUDGE**
**G. THOMAS PORTEOUS, JR.**