UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LOWER RIVER MARINE, INC.**                                                **CIVIL ACTION**

**VERSUS**                                                                   **NO. 06-4083**

**BARGE USL-497, her tackle, apparel, furniture, equipment
and other necessaries there until appertaining and belonging,
in rem; ABC COMPANY, INC., her engines, tackle, apparel,
furniture, equipment, and other necessaries there unto appertaining
and belonging, in rem, and GHI COMPANY, INC.., her owner,
in personam**                                                                **SECTION "T" (4)**

## ORDER AND REASONS

Before this Court is Plaintiff's Motion to Strike the Defenses of APAC Group, Inc. Rec. Doc. No. 123. No Opposition to the Motion has been filed. The matter came for hearing without oral argument on November 14, 2007, and was submitted on the briefs. After considering the memoranda and arguments of the parties, the record, the law, and applicable jurisprudence, the Court is fully advised in the premises and ready to rule.

**I.     BACKGROUND**

On or about July 17, 2006, principals of Lower River Marine, Inc. ("LRM") discovered Barge USL-497 at the lower end of the LRM's Mississippi River fleeting facility moored to a LRM crane barge. LRM alleges its crane barge and the mooring dolphin adjacent to the crane barge sustained damage as a result of improper towing and/or improper mooring of Barge USL-497. LRM did not know who owned Barge USL-497 nor who towed Barge USL-497 to LRM's facility at the time Barge USL-497 was discovered. Subsequently, LRM discovered that APAC Group, Inc. ("APAC") owned Barge USL-497. LRM also determined that the T/B LADY MIDGE towed Barge USL-497 to the LRM facility and that Kirby Inland Marine, L.P. ("Kirby") owned T/B LADY MIDGE and DRD Towing Company, L.L.C. ("DRD") long-time chartered or leased T/B LADY MIDGE. Kirby and DRD are collectively referred to as the "tug interests."

On August 3, 2006, this Court granted LRM's motion for issuance of warrant *in rem* for the arrest of the USL-497 Barge and the seizure warrant was issued the same date. After the tug interests were identified,[1] they agreed to the appointment of a substitute custodian (to replace the U.S. Marshal) and provided a $125, 000 Letter of Undertaking security against the tug interests possible negligence.  During these negotiations, the tug interests steadfastly maintained it was the barge who was totally at fault.  While discussions with the barge interests were ongoing regarding the change of custodian and security, it is alleged the barge interests did not provide a Letter of Undertaking nor agreed to the custodian change.

Thereafter, LRM came to the Court requesting a substitute custodian be named; that the *Custodia Legis* costs and expenses be approved and requesting security.  The Motion to Substitute Legal Custodian was granted unopposed on August 18, 2006 (Rec. Doc. 31); the Motion for Security was granted September 8, 2006 (Rec. Doc. 37) and USL-497 Barge interests/owners were ordered to provide LRM with an acceptable Letter of Undertaking in the amount of $125,000.00 within thirty (30) days.  Further, the Motion to Approve *Custodia Legis* Expenses was granted (Rec. Doc. 37) including towage, new mooring lines, wharfage, and costs to arrest and attach Barge USL-497. Despite the Court's express directive that Motions to Reconsider be filed in any within thirty (30) days of the Order, no such order was filed.

On September 26, 2006, APAC/barge interests filed a Motions to Dismiss requesting the Court dismiss the action for lack of subject matter jurisdiction; lack of personal jurisdiction; insufficiency of service of process; failure to state a claim; failure to meet the specificity

---

[1]Subsequently, a Second Amended Complaint was filed substituting the proper parties. Rec. Doc. 29.

2

requirements of Rule E(2)(a) of the Supplemental Admiralty and Maritime Claims Rules; and vacate the attachment and arrest order and dismissal of the salvage claim. Rec. Doc. 39. On the vacation issue, the barge interests/APAC also requested that they be awarded wrongful arrest/attachment damages and punitive damages. The Court, after fully considering and adequately addressing each argument offered by APAC, denied the Motion to Dismiss in its entirety, including the request for wrongful attachment damages. Rec. Doc. No. 47.

APAC filed a Motion For Rehearing and the Court denied that Motion as untimely, repetitive, harassing and frivolous. Rec. Doc. 53. The Court further ordered Barge USL-497, APAC and their counsel to show cause in writing "why they should not pay Plaintiff's legal expenses and costs of $12,000.00 plus $125,000.00 in cash, surety or letter of indemnity." The Order further provided in bold capital letters that: "FAILURE TO TIMELY COMPLY WITH THIS ORDER MAY LEAD TO SANCTIONS." Rec. Doc. 53 at p. 7. After the barge interests filed their show cause memorandum, Rec. Doc. 61, USL-497 Barge and APAC filed a notice of appeal. Rec. Doc. 62. Once the appeal was filed, but prior to a decision by the Fifth Circuit, LRM filed a Motion for Judicial Sale of the barge USL-497 and a Motion to Increase Security. Rec. Doc. 65. Further, the Court decided in favor LRM and found that APAC and Barge USL-497 failed to show cause why they should not have to pay legal expenses, costs, and a letter of undertaking. Rec. Doc. 79. Thus, the Court ordered APAC and Barge USL-497 to pay LRM $12,000.00 for legal expenses and costs and $125,000.00 in cash, surety or letter of indemnity within thirty (30) days after resolution of the "pending appeal." Rec. Doc. 79. The appeal was dismissed for lack of jurisdiction on February 27, 2007. Rec. Doc. 83. The barge interests Motion for Reconsideration to the Fifth Circuit was also denied. Rec. Doc. No. 86. The payment has not been made.

The Motion for Judicial Sale, along with LRM's Motion to Increase Security (Rec. Doc. 65) and Motion for Judicial Review of Notice of Judicial Sale of Vessel (Rec. Doc. 90) and Motion to Dismiss party Without Prejudice (Rec. Doc. 84) were heard, without opposition, and granted May 25, 2007.  Rec. Doc. 98.  The Court ordered the security for *Custodia Legis* expenses to be increased from $125,000 to $175,000; ordered Zito Companies, Inc., dismissed without prejudice; and ordered that LRM's Notice for Judicial Sale of barge USL-497 was sufficient.  Rec. Doc. 98. Again, the Court advised that any Motion for Reconsideration was to be filed in thirty (30) days. Rec. Doc. 98.   No such Motion was filed.

While the aforementioned Motions were pending, Barge USL-497 and APAC (collectively, "barge interests") filed their Answer with Counter-claims and Cross-claims.  In the answer the barge interests assert eleven (11) affirmative defenses.  Rec. Doc. 91.  LRM moves to strike defenses one (1) through three (3) because they have already been decided by this Court on prior Motions to Dismiss.   No Opposition was filed to this Motion.

## II.     LAW AND ANALYSIS

A court has discretion under Federal Rules of Civil Procedure 12(f) to "strike from a pleading an insufficient defense or any other redundant, immaterial, impertinent, or scandalous matter."    While motions to strike a defense are normally disfavored, "a Rule 12(f) motion to dismiss is proper when the defense is insufficient as a matter of law."  *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

The First, Second and Third affirmative defenses raised have already been rejected by this Court in the Court's October 24, 2006 Order and Reasons denying Defendant's Motion to Dismiss. Rec. Doc. No. 47.  They have also been determined as frivolous, repetitive and harassing.  Rec.

Doc. 53.

Specifically, APAC's first affirmative defense alleges that this Court lacks personal jurisdiction over APAC. Judge Lemelle held that the requirements for personal jurisdiction over APAC, a Florida Corporation, were met. *See* Rec. Doc. 2-4. Because the Court has already that there is both subject matter and personal jurisdiction over the claims raised herein, the barge interests first affirmative defense is insufficient as a matter of law, LRM's Motion to Strike this defense is granted.

The second affirmative defense alleges that LRM fails to state a claim upon which relief may be granted pursuant to FRCP 12(b)(6). LRM claims that APAC is liable for negligence and unseaworthiness of Barge USL-497. LRM has also asserted a salvage claim against APAC and Barge USL-497. LRM also claims that APAC is liable for uncontested, unpaid wharfage, towage and supplies (LRM mooring lines). This Court has previously held that these claims are sufficient to survive a Motion to Dismiss pursuant to FRCP 12(b)(6) and adequately stated a claim and that other claims survived summary judgment scrutiny. Rec. Doc. 47 at p. 8. Specifically, Judge Lemelle held that *Stanolind Oil & Gas v. Mississippi Valley Barge Line Co.*,[2] and *Sisung v. Tiger Pass Shipyard*,[3] provided the necessary legal precedent to state a claim of negligence against APAC. As such, Judge Lemelle held that dismissal pursuant to FRCP 12(b)(6) was improper. Further, a genuine issue of material fact existed regarding the seaworthiness of Barge USL-497. Therefore, summary judgment was unwarranted for a seaworthiness claim as well. As for the salvage claim, this Court also found dismissal under FRCP 12(b)(6) improper because LRM stated a claim. The

---

[2] 193 F.2d 147 (5th Cir. 1951).

[3] 196 F.Supp. 826 (E.D. La. 1961).

Court held that a claim upon which relief may be granted existed prohibiting a motion to vacate the arrest and attachment of Barge USL-497.  Thus, considering Judge Lemelle's Order regarding APAC's previous arguments that LRM had failed to state a claim or claims upon which relief may be granted, this Court finds that any defense based upon a FRCP 12(b)(6) motion is insufficient as a matter of law.  Therefore, LRM's Motion to Strike in regard to such claims is granted.

In its third affirmative defense, APAC claims that LRM's Complaint fails to meet the specificity requirements of Supplemental Admiralty and Maritime Claims Rule E(2)(a).  Rule E(2)(a) provides in pertinent part that, "the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading."  This Court previously held that LRM's amended complaint was specific enough to commence investigation by APAC. Rec. Doc. No. 47.  Therefore, the complaint set out LRM's claims with sufficient specificity.  Further, APAC had sufficient facts to prepare its Motion to Dismiss.  Thus, this Court finds that a defense based on Rule E(2)(a) is insufficient as a matter of law.  As such, LRM's Motion to Strike in regard to such claims is hereby granted.

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Strike the Defenses of APAC Group, Inc., Rec. Doc. No. 123, is **GRANTED** and the First, Second and Third Affirmative Defenses of APAC Group, Inc.

and USL-497 Barge are hereby stricken from their Answer.

New Orleans, Louisiana this 27th day of March, 2008.

_____
**UNITED STATES DISTRICT JUDGE**
**G. THOMAS PORTEOUS, JR.**